**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **NAZYR ILIASOV,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1709-R** |
| | ) | |
| **TODD BLANCHE, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

Petitioner, Mr. Nazyr Iliasov, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement [Doc. No. 1]. The matter was referred to United States Magistrate Judge Suzanne Mitchell who issued a Report and Recommendation [Doc. No. 11] recommending this Court grant in part Mr. Iliasov's Petition and order Respondents to provide him with a prompt bond hearing pursuant to 8 U.S.C. § 1226(a). Both Mr. Iliasov and Respondents filed Objections [Doc. Nos. 12 and 13], triggering de novo review of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

Respondents object to Judge Mitchell's finding that Mr. Iliasov is detained under 8 U.S.C. § 1226(a), while acknowledging that the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) controls this matter.[1] The Court agrees

[1] Respondents state they do not waive their argument that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A) and thus is not entitled to a bond hearing. [Doc. No. 10 at 1].

with Judge Mitchell's finding that Mr. Iliasov's detention is pursuant to § 1226(a). The Court further agrees that the proper remedy is an individualized bond hearing under § 1226(a). *See id.* at 1251 n.13 ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him.").

Mr. Iliasov objects to Judge Mitchell's recommendation that a bond hearing, as opposed to release, is the proper remedy. Doc. No. 13 at 2. Because he was previously paroled into the country, his case diverges, he says, from the run-of-the-mill § 1226(a) petitioner. Doc. No. 13 at 2. His detention is unlawful, he argues, because the government violated federal regulations, which entitle him to notice, and this violation thereby requires his immediate release. 8 C.F.R. § 212.5(e)

On July 30, 2023, the government provided Mr. Iliasov with a notice to appear, which included a court date for the following February, before an immigration judge; that same day, the government paroled Mr. Iliasov into the United States.[2] [Doc. No. 1-3 at 2]. The government also informed Mr. Iliasov that his parole would expire on July 28, 2025. [Doc. No. 1-2 at 1]. Once his parole expired, Mr. Iliasov was subject to possible detention, which occurred on Jun 17, 2026, nearly 11 months after the expiration date. Mr. Iliasov

---

[2] Parole is an alternative to detention; sometimes, immigration officials may permit a noncitizen entering the country to be released without detaining them at first. *See* 8 U.S.C. § 1182(d)(5)(A). This is done "on a case-by-case basis for urgent humanitarian reasons or significant public benefit . . . ." *Id.*

claims that the government violated its own regulation by failing to notify him that it was revoking his parole. Doc. No. 13 at 2 (citing § 212.5(e)).

Subsection 2 of that regulation requires the government to provide notice to any parolee of its intention to revoke their parole "upon the accomplishment of the purpose for which parole was authorized or when in the opinion of [a relevant official], neither humanitarian reasons nor public benefit warrants the continues presence of the [noncitizen] in the United States." *Id.* § 212.5(e)(2)(i). Lurking above, however, lies subsection 1: "Parole shall be automatically terminated without written notice . . . at the expiration of the time for which parole was authorized." *Id.* § 212.5(e)(1).

The growing consensus of this District seems to be that where a petitioner's parole has expired, subsection 1 does not grant them the right to any further notice of that expiration—beyond, of course, the notice that each petitioner will surely have when they are initially paroled into the United States. *See* Doc. No. 1-2 at 1. Here, the document paroling Mr. Iliasov into the United States clearly identifies the expiration date as July 28, 2025. Doc. No. 1-2 at 1. Because the Court must construe federal regulations according to their plain language,[3] Mr. Iliasov was not entitled to any further notice[4] of his parole

---

[3] *See Scalia v. Wynnewood Refining Co., LLC*, 978 F.3d 1175, 1181 (10th Cir. 2020) (noting that if, after consulting the plain language of a regulation, its meaning is "clear," "[the Court's] analysis is at an end"). Some courts disagree with this conclusion, *see Caisa Telenchana v. Hermosillo*, NO. 2:26-cv-00363-GJL, 2026 WL 696806 at *7 (W.D. Wash. March 12, 2026), but the Court finds their reasoning unpersuasive in light of the clear regulatory language.

[4] This District has seen 8 petitions that have offered an alternative reading of § 212.5(e), in 7 of the orders disposing of those petitions the court declined to release the petitioner. *See, e.g.*, *Valdovinos v. Warden*, No. CIV-26-924-J, 2026 WL 2200432 at *2 (W.D. Okla. July

revocation, and the Court thus agrees with Judge Mitchell's recommendation that the proper remedy is a bond hearing.[5]

Mr. Iliasov also objects to Judge Mitchell's recommendation that the Court decline to reach his other arguments for relief. Doc. No. 13 at 3–4. The Court, however, agrees with Judge Mitchell that because the remedy for any Constitutional harm Mr. Iliasov alleges is a bond hearing, it need not reach the Constitutional argument. *Tabares Martinez v. Grant*, No. CIV-26-545-SLP, 2026 WL 1908094 at *2 n.2 (W.D. Okla. July 2, 2026). So too with Mr. Iliasov's APA claim, because this habeas proceeding is an "adequate remedy," APA relief is not available. *See* 5 U.S.C. § 704.

Finally, Mr. Iliasov objects to Judge Mitchell's recommendation against shifting the burden of proof to the government at his bond hearing. Doc. No. 13 at 4. Because "no immigration judge has conducted a bond hearing in Petitioner's case, much less allocated the burden of proof or applied the particular facts of this case to that evidentiary framework," the Court will not shift or alter the burden at this time. *See Singh v. Grant*,

30, 2026); *Mesa v. Figueroa*, No. CIV-26-775-J, 2026 WL 2123868 at *2 (W.D. Okla. July 23, 2026); *Orozali Uulu v. Gantt*, No. 26-611-SLP, 2026 WL 2138028 at *2 (W.D. Okla. July 24, 2026).

[5] Mr. Ilisov argues that the facts of his detention hew closely to the petitioner in *Vikash v. Gant*. No. CIV-26-816-J, 2026 WL 1879645 (W.D. Okla. June 30, 2026). There, Judge Mitchell recommended release as the proper remedy and Judge Jones concurred, adopting the R&R. *Id.* at *6; *Vikash v. Gant*, No. 26-887-J, 2026 WL 1984342 at *1 (W.D. Okla. July 9, 2026) (adopting the R&R). But in *Vikash*, Mr. Vikash alleged that he received no notice of his parole's revocation or expiration and the government "d[id] not submit information about the revocation of [his] parole." 2026 WL 1879645 at *4. Here, the expiration of Mr. Iliasov's parole is evident from the documents he submitted alongside his petition. Doc. No. 1-2 at 1. Mr. Iliasov and Mr. Vikash are thus distinguishable.

No. CIV-26-279-J, 2026 WL 1035100, at *2 (W.D. Okla. Apr. 16, 2026); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) ("At this time, the Court declines to place the burden on the government to justify Petitioner's detention pending removal proceedings.").

Accordingly, the Court ADOPTS Judge Mitchell's Report and Recommendation. The Court GRANTS in PART the Petition for Writ of Habeas Corpus [Doc. No. 1] and Respondents are directed to provide Mr. Iliasov with a lawful bond hearing pursuant to § 1226(a) within seven days of the date of this order or otherwise release him if he has not received such a hearing within that period. Respondents shall certify their compliance with this Order.

IT IS SO ORDERED this 28th day of September, 2026.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**